## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AWP, INC.,

      Plaintiff,

          v.

ED HENRY, ANITA HENRY, L30
CONSULTING, LLC, ANGELA N.
MCNULTY, KENT PUCKETT, and WESLEY
"DEL" TEMPLE,

      Defendants.

Civil Action No.
1:20-cv-01625-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff AWP, Inc.'s motion for temporary restraining order against Defendants Ed Henry, Anita Henry, L30 Consulting, LLC, Angela N. McNulty, Kent Puckett, and Wesley "Del" Temple [ECF 2]. AWP alleges that: (1) Ed and Anita Henry violated their restrictive covenants with AWP by recruiting AWP employees; (2) L30 and McNulty aided and abetted Ed and Anita Henry in violating their restrictive covenants with AWP; (3) Puckett violated his restrictive covenant with AWP upon accepting employment with L30; and (4) Puckett and Temple are prohibited from disclosing AWP's trade secrets pursuant to the Georgia Trade Secrets Act.[1]

---

[1]    ECF 2-1.

AWP properly served all Defendants with a Complaint and the motion for temporary restraining order.[2] On April 21, 2020, after notice to all parties, the Court held a hearing on AWP's motion. Upon due consideration, and after the benefit of oral argument, AWP's motion is **GRANTED IN PART** and **DENIED IN PART.**

## I.    FACTS

Plaintiff AWP, Inc. is a traffic safety company. On October 30, 2015, AWP purchased Traffic Specialties, Inc. ("TSI"), owned by Anita Henry, for more than $2,500,000.[3] In consideration for the money AWP paid to purchase TSI, Anita and Ed Henry agreed not to compete with AWP or solicit for employment AWP employees or contractors and certain former TSI employees until November 1, 2020.[4] L30 is a Florida traffic safety company owned and operated by McNulty.[5] McNulty is the biological daughter of Ed Henry.[6] Kent Puckett and Wesley Temple

---

[2]   ECF 6-12.

[3]   ECF 2-2.

[4]   *Id.*

[5]   ECF 17-1, ¶ 7.

[6]   *Id.* ¶ 15.

are former AWP employees who now work for L30.[7] In support of its motion, AWP presented evidence supporting its assertions that:

1.      Ed Henry and Anita Henry recruited Murray to leave AWP and join L30.[8]

2.      Ed Henry recruited Puckett to leave AWP and join L30.[9]

3.      Ed Henry and Puckett recruited AWP employees Nick and James McCullough to leave AWP and join L30.[10]

4.      Puckett and Temple had access to AWP trade secrets by virtue of their employment with AWP.[11]

5.      Puckett was subject to restrictive employment covenants and violated the covenants by recruiting AWP employees and working for L30.[12]

6.      Defendants McNulty and L30 aided and abetted Ed and Anita Henry in violating their restrictive covenants with AWP.[13]

---

7    ECF 2-1, ¶¶ 15–16.

8    ECF 2-3, ¶¶ 6–8; ECF 2-4, at 3, 4, 6, 8, 9, 12 and 16.

9    ECF 2-4, ¶ 12; *id*. at 3, 6, 8, 9, 12, and 16.

10   *Id*. ¶ 12; *id*. at 3, 8, 9, 12, 16 ,19, 20.

11   ECF 2-1, ¶¶ 17–20.

12   ECF 2-6.

13   ECF 2-3, ¶¶ 6–10; ECF 2-4, ¶ 12; *id*. at 3, 8, 9, 12, 16, 20.

In opposition to Plaintiff's motion, Defendants Angela McNulty and L30 presented evidence supporting their assertions that:

1.      At no time did McNulty ever aid or abet Ed Henry or Anita Henry to breach their agreement with AWP, nor did McNulty assist or encourage them to do so.[14]

2.      Neither Ed Henry nor Anita Henry have authority to bind L30 to any contract or agreement. McNulty has never directed either of them to take action on behalf of L30. McNulty has never directed them to recruit anyone for L30, much less anyone from AWP.[15]

3.      L30's pricing has nothing to do with AWP or any other company's pricing. L30 is not using or planning to use AWP's pricing information.[16]

Defendants Ed Henry, Anita Henry, Puckett, and Temple filed no response to Plaintiff's motion.

## II.    DISCUSSION

Federal Rule of Civil Procedure 65(b) grants the Court authority to enter a temporary restraining order ("TRO"), with or without notice. "To be entitled to a

---

[14]   ECF 17-1, ¶ 19.

[15]   *Id*. ¶ 17.

[16]   *Id*. ¶ 13.

TRO, a movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). A district court's grant of a TRO is reviewed only for abuse of discretion. *Id.*

AWP seeks multiple prongs of injunctive relief. First, AWP seeks a TRO preventing Ed and Anita Henry from violating the restrictive covenants in the Purchase Agreement and competing with AWP. Second, AWP seeks a TRO preventing McNulty and L30 from aiding and abetting Ed and Anita Henry in their efforts to violate the restrictive covenants in the Purchase Agreement. Third, AWP seeks a TRO preventing Puckett from violating the restrictive covenants in the Puckett Agreement. Fourth, AWP seeks a TRO prohibiting the disclosure of any and all trade secrets owned by AWP and known by any Defendant, but particularly Puckett and Temple.

### a.   TRO Preventing Ed Henry and Anita Henry From Violating the Purchase Agreement

At the hearing, counsel for AWP and counsel for Ed and Anita Henry stipulated that they had reached an agreement regarding a Consent Order wherein Ed and Anita Henry would consent to the terms of a fourteen-day TRO. The parties will present a separate Consent Order to the Court.

### b.    TRO Preventing Puckett From Violating the Restrictive Covenants in the Puckett Agreement

Plaintiff AWP presented substantial evidence that Puckett agreed to valid restrictive covenants contained in the Puckett Agreement signed October 16, 2018.[17] The geographical and temporal scope of the restrictive covenants are valid under Ohio and Georgia law. AWP also presented substantial evidence that Puckett breached the restrictive covenants. Accordingly, the Court finds that AWP has established a substantial likelihood of success on the merits.

Plaintiff AWP also presented substantial evidence that Puckett's violation of the restrictive covenants contained in the Puckett Agreement would cause irreparable harm to AWP. Puckett, moreover, acknowledged when signing the restrictive covenants that any violation would cause irreparable harm to AWP and that money damages would not be a sufficient remedy.[18] Accordingly, the Court finds that AWP will likely suffer irreparable harm absent a TRO and that the balance of equities supports the imposition of a TRO.

Finally, the Court finds that under both Ohio and Georgia law the public interest is served by upholding valid contracts, and that the restrictive covenants

---

[17]   ECF 2-6.

[18]   ECF 2-6, § 1(g).

violate no Georgia public policy. Accordingly, the Court finds that a TRO would serve the public interest.

Based upon the foregoing, AWP's requested TRO against Puckett is **GRANTED**.

### c.    TRO Preventing Angela McNulty and L30 From Aiding and Abetting Ed and Anita Henry

AWP contends that L30 and McNulty "maliciously aided and abetted" the Henrys' breach of their restrictive covenants with AWP. The Court finds that AWP has not presented sufficient evidence to demonstrate that McNulty and L30 maliciously aided and abetted the breach of Ed Henry's and Anita Henry's restrictive covenants. Accordingly, the Court finds that AWP has not shown a substantial likelihood of success on the merits.

If L30 and McNulty were aiding and abetting the Henrys in breaching their restrictive covenants, however, the Court finds AWP would likely suffer irreparable harm and the balance of equities between the parties would be equal. The Court further finds that the public interest weighs against granting AWP's requested relief, in that doing so would inhibit unfettered competition in the marketplace.

Because AWP has not shown a substantial likelihood of success on the merits, and because the public interest weighs against the relief requested,

Plaintiff's requested TRO against L30 and McNulty is **DENIED**. This ruling is without prejudice to AWP filing a motion for preliminary injunction at a later date.

### d.   TRO Prohibiting the Disclosure of Any and All Trade Secrets Owned by AWP and Known by Any Defendant

The Georgia Trade Secrets Act protects employers from the misappropriation of trade secrets by former employees. Assuming, without deciding, that Puckett and Temple possess trade secrets as defined in the Act, AWP has not presented sufficient evidence to show that Puckett or Temple misappropriated or threatened to misappropriate any of AWP's trade secrets. Accordingly, AWP has not shown a substantial likelihood of success on the merits at this time.

The Court finds, however, that all other factors weigh in favor of AWP. Specifically, the misappropriation of trade secrets would cause AWP irreparable harm, the balance of equities favor AWP, and the protection of trade secrets would serve the public interest.

Because AWP has not established a substantial likelihood of success on the merits, AWP's requested TRO against Puckett, Temple, and the other Defendants as to the Georgia Trade Secrets Act is **DENIED**. This ruling is without prejudice to AWP filing a motion for preliminary injunction at a later date.

### III.    CONCLUSION

Based on the foregoing, AWP's motion for a temporary restraining order is **GRANTED IN PART** and **DENIED IN PART**.

1.    AWP's Motion for Temporary Restraining Order against Defendant Kent Puckett is **GRANTED**. Puckett is **RESTRAINED AND ENJOINED** from violating the restrictive covenants in the Puckett Agreement. Specifically, Puckett **SHALL NOT** (1) solicit AWP customers, employees, or independent contractors; (2) work—directly or indirectly—with Defendants L30, Angela McNulty, Ed Henry, Anita Henry, or Wesley Temple within a 120-mile radius of Atlanta, Georgia; or (3) engage in any direct or indirect competition with AWP within a 120-mile radius of Atlanta, Georgia.

2.    AWP's Motion for Temporary Restraining Order against L30 and Angela McNulty is **DENIED**.

3.    AWP's Motion for Temporary Restraining Order against Puckett, Wesley Temple, and the other Defendants as to the Georgia Trade Secrets Act is **DENIED**.

4.    Plaintiff's oral request for expedited discovery is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff is **ORDERED** to post a bond in the amount of **$10,000** with the Clerk of Court, no later than Friday,

April 24, 2020, which shall be refundable to Plaintiff at the conclusion of the case. This TRO shall remain in effect through and including May 5, 2020, or until further order from the Court, whichever is sooner. Plaintiff is **ORDERED** to serve a copy of this Order on Defendant Puckett at his last known residence, via courier or overnight delivery, no later than Friday, April 24, 2020.

      **SO ORDERED** this the 22nd day of April 2020.

                         Steven D. Grimberg
                United States District Court Judge